## Abrams v. Edelman.

*S. H. Steinberg*, for plaintiff; *J. C. Levi*, for defendant.

MARTIN, P. J., July 3, 1928.—This suit was instituted to obtain payment of five promissory notes signed by defendant, each for the sum of $99.93, dated May 25, 1927, payable in two, four, five, six and seven months, respectively.

The statement of claim averred that for a valuable consideration defendant made and delivered the notes to the Atlantic Metal Spinning Company, and for a valuable consideration endorsed each of the notes before delivery; that, prior to the respective maturity of each of the notes, the Atlantic Metal Spinning Company for a good and valuable consideration endorsed and delivered the notes to Bital Allouf, who thereupon became the holder for value in good faith, without notice of any infirmity or defect in title; that, prior to maturity, Allouf endorsed and delivered the notes to plaintiff for a good and valuable consideration, who thereupon became the holder for value in good faith, without notice of any infirmity or defect in title; that the notes were presented for payment upon maturity, were not paid and were duly protested.

Defendant filed an affidavit of defense and a supplemental affidavit.

For the purposes of this argument, the averments of the affidavits must be accepted as true. It is averred by defendant that the execution and delivery of the notes was induced by an agreement to repair lamps purchased by defendant from the payee of the notes; that the lamps, when delivered, were not according to sample, and so imperfectly constructed as to be useless; that they were returned to payee, and the notes were executed in reliance upon a promise of payee to repair the lamps, but that he failed to make the repairs,

continued to retain possession of the lamps, and the consideration for the notes failed. It is further alleged in the affidavit of defense that plaintiff is not a *bona fide* holder for value before maturity, but merely an agent of payee; that he has no title to the notes or right to recover in this suit.

The averments of the affidavits are sufficient to prevent the entry of judgment. Rule discharged.